UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARLTON COLLINS,

    Plaintiff,

v.

CAUSE NO. 3:22-CV-257-DRL-MGG

ARAMARK FOOD SERVICES *et al.*,

    Defendants.

## OPINION AND ORDER

Carlton Collins, a prisoner without a lawyer, who is housed at the St. Joseph County Jail, alleges that one time he was served pork on his meal tray though it is against his religion to eat pork. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Collins alleges that he is a Muslim and does not eat pork due to his religious convictions. ECF 1 at 2. Jail officials are aware this, and he receives a Kosher meal tray to ensure his diet does not contain pork. *Id*. Mr. Collins alleges that on February 19, 2022, his dinner tray contained pork. *Id*. He states he ate the pork; and, as a result, he now has migraine headaches and upset stomachs. *Id*.

A prison policy of either actually or constructively denying a pork-free diet to Muslim inmates violates their First Amendment rights. *Hunafa v. Murphy*, 907 F.2d 46 (7th Cir 1990). But Mr. Collins does not allege the defendants had a policy of denying Muslim inmates a pork-free diet. Mr. Collins's sole allegation is that pork appeared on his dinner tray at one meal. Mr. Collins does not allege that this breach of established policy and practice was intentional on the part of any of the defendants.

Thus, even accepting Mr. Collins's allegations as true, the mere fact that on one occasion his meal tray contained a pork product demonstrates, at most, negligence on the part of food service personnel. Negligence generally states no claim upon which relief can be granted in a 42 U.S.C. § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence or medical malpractice do not constitute deliberate indifference); *see also Hambright v. Kemper*, 705 F. App'x 461, 463 (7th Cir. 2017) (prison official's negligent failure to prepare the Eid al-Fitr feast to mark the end of Ramadan did not support liability under § 1983 for a First Amendment violation). A single, inadvertent instance of having pork served on a meal tray does not state a claim for a violation of Mr. Collins's First Amendment right to freedom of religion.

Nor does this state a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), which prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that

2

person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). A government official's act imposes a substantial burden if it requires the prisoner to "engage in conduct that seriously violates his religious beliefs." *Holt*, 574 U.S. at 361 (brackets and quotation marks omitted). It imposes a substantial burden under RLUIPA for the prison to "force[] a prisoner to choose between adequate nutrition and religious practice." *Jones v. Carter*, 915 F.3d 1147, 1151 (7th Cir. 2019). But Mr. Collins's allegations here do not plausibly meet that standard because he does not allege he was required to consume pork to receive adequate nutrition or that being served pork was more than a one-time mistake. Although Mr. Collins was distressed by being served pork, nothing suggests this is part of an ongoing problem at the jail.

Moreover, a one-time mistake does not fit comfortably within RLUIPA's framework. "In establishing a claim under RLUIPA, the plaintiff bears the initial burden of showing (1) that he seeks to engage in an exercise of religion, and (2) that the challenged practice substantially burdens that exercise of religion." *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008). If the plaintiff establishes a prima facie case, the burden shifts to defendants to show "their practice is the least restrictive means of furthering a compelling governmental interest." *Id.* (quotation marks omitted). Here, Mr. Collins has not satisfied his burden to establish this one-time mistake is part of a "challenged practice." The relevant dictionary definitions of the noun "practice" are (1) "actual performance or application;" (2) "a repeated or customary action;" and (3) "the usual way

3

of doing something." *See* Merriam-Webster, https://www.merriamwebster.com/dictionary/practice. A one-time mistake does not constitute a "practice" of the jail.

Furthermore, to the extent Mr. Collins asserts he has had migraine headaches and upset stomachs after he consumed the pork on February 19, 2022, the complaint does not plausibly allege Mr. Collins has a serious medical need that triggers Eighth Amendment concerns. Mr. Collins alleges that he was convicted and serving his sentence when these events occurred, so the Eighth Amendment standard governs his claim. To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[Not] every ache or pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim[.]" *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). Not treating "the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention" does not violate the Constitution. *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). The migraine headaches and upset stomachs described here, while uncomfortable and unpleasant, do not usually send a person to the hospital. Furthermore, the allegations do not suggest Mr. Collins suffered any long-term effects from eating pork. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("A medical

4

condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated."). The facts here do not support an Eighth Amendment violation.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 10, 2022    *s/ Damon R. Leichty*
                Judge, United States District Court